**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KUNAL MALHOTRA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-01460-AGF |
| | ) | |
| MICHAEL P. KIRN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM AND ORDER**

Petitioner Kunal Malhotra filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner argues that he has been unlawfully detained without a bond hearing in violation of his Fifth Amendment substantive and procedural due process rights, that his detention also violates the Immigration and Nationality Act, and that his arrest violated the Fourth Amendment. Petitioner seeks release or, alternatively, a bond hearing to determine whether continued detention is justified.

---

[1] Petitioner named numerous Respondents in his Petition, including Michael P. Kirn, Warden of the Phelps County Jail, where Petitioner was detained at the time of filing. ECF No. 1 at 1. However, based on publicly available information, it appears that Petitioner has since transferred to the Ste. Geneveive County Detention Center. *See* United States Immigration and Customs Enforcement ("ICE") Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last visited Oct. 27, 2026). The Court concludes that the warden of that detention center, Gary Stolzer, is the proper Respondent in this action. *See* 28 U.S.C. § 2242, ¶ 2. The Court further takes judicial notice that the U.S. Attorney's Office will be representing Stolzer. ECF No. 9 at 1 n.1 (government's response confirming local warden as proper party respondent and explaining that pursuant to an intergovernmental agreement, the U.S. Attorney has agreed to represent the local wardens). As such, the Court will order that "Gary Stolzer, Warden of Ste. Genevieve County Detention Center" be substituted as the only proper Respondent in this matter.

The United States Attorney for the Eastern District of Missouri filed the Government's response to the petition on October 14, 2026. The Government concedes that, based on the reasoning of the undersigned in her past cases, *see Mekonnen v. Stolzer,* 1:26-cv-00122-AGF, 2026 WL 2029972 (E.D. Mo. July 14, 2026) and *Paez-Herrera v. Stolzer*, 1:26-cv-00078-AGF, 2026 WL 2198535 (E.D. Mo. July 30, 2026), as well as the similar rulings of District Judge Rodney W. Sippel, *e.g.*, *Garcia Leal v. Stolzer*, 1:26-cv-00157-RWS, 2026 WL 2194741 (E.D. Mo. July 30, 2026), "the Due Process Clause is determinative."[2] ECF No. 9 at 4. Therefore, the Government concedes the due process issue for "present purposes—while expressly reserving the right to appeal." *Id.*

In reply, Petitioner argues that immediate release, rather than merely a bond hearing, is warranted because no aspect of Petitioner's detention has been lawful.[3] The

[2] As the Government notes, other judges in this District have come to a different conclusion, *e.g.*, *Lugo-Solet v. Mullin*, No. 1:26-CV-52-ZMB, 2026 WL 1162233, at *2 (E.D. Mo. Apr. 29, 2026), and the Eighth Circuit is currently receiving briefing on the issue, *see Lugo-Solet v. Mullin*, Appeal. No. 26-2052 (8th Cir.).

[3] Petitioner also stated in his reply that he had been moved to Springfield, Missouri in the Western District of Missouri, in violation of the Court's Case Management Order. However, upon review of the Government's response to Petitioner's traverse, the Court concludes that the transfer to Springfield was the result of an administrative error rather than an intentional violation of the Court's Order. The Government represented that it was attempting to correct the error and that Petitioner would soon be moved to Ste. Geneveive County, within this District. As noted above, based on ICE's online detainee locator system, it appears that Petitioner has now been moved to Ste. Geneveive County. In any event, the transfer does not impact this Court's jurisdiction. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (holding that jurisdiction over a § 2241 petition is determined at the time of filing the petition and lies in the district of physical confinement or in the district in which a custodian against whom the petition is properly directed is present): *Copley v. Keohane*, 150 F.3d 827, 830 (8th Cir. 1998) (noting that a district court had jurisdiction over a § 2241 petition where the petitioner was incarcerated

Court concludes that Petitioner's continued detention without an individualized bond hearing violates the Due Process Clause and that a prompt, individualized bond hearing is an appropriate remedy. Therefore, the Court will grant the petition to the extent it requests a prompt, individualized bond hearing.

## BACKGROUND

Petitioner is a citizen of India who entered the United States without inspection on April 7, 2023. After entering the United States, Petitioner was arrested by border patrol pursuant to a warrant and briefly detained before being granted conditional parole under 8 U.S.C. § 1226(a)(2)(B). Petitioner was placed in removal proceedings and, at some point after entry, applied for asylum. Since his parole, Petitioner has complied with all requirements of his order of release and has had no violations or criminal convictions. Further, Petitioner has obtained an Employment Authorization Document ("EAD") for temporary permission to work in the United States, as well as a driver's license.

On August 13, 2026, Immigration and Customs Enforcement ("ICE") agents arrested Petitioner. Petitioner alleges "[o]n information and belief, ICE likely arrested Petitioner into custody pursuant to a new warrant issued under § 1226(a) claiming Petitioner's detention is justified by his unlawful presence in the United States." ECF No. 1 at 4. Petitioner further alleges that the Government now claims to hold him under 8 U.S.C. § 1225(b)(2). At the time he filed the petition, Petitioner was detained at the Phelps County Jail. He has been detained since his arrest without a bond hearing.

---

in that district at the time of filing, notwithstanding his subsequent move to another state).

The Government contends that Petitioner is being properly detained without a bond hearing under 8 U.S.C. § 1225(b)(2)(A), as an unadmitted noncitizen, and that Petitioner's due process claim should fail under binding Eighth Circuit and Supreme Court precedent, including *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024) and *Demore v. Kim*, 538 U.S. 510 (2003). However, as noted above, the Government concedes that the reasoning of the undersigned's past cases and those of Judge Sippel's, which distinguished *Banyee* and *Demore*, would warrant relief here. The Government further concedes that it does not appear that Petitioner has any criminal record.

The Court likewise agrees that the undersigned's prior reasoning, *e.g.*, *Paez-Herrera*, 2026 WL 2198535, applies in this case. Based on that reasoning, the Court concludes that Petitioner's continued detention without an individualized bond hearing violates the Due Process Clause. The Court further finds that Petitioner is entitled to advance notice of the hearing sufficient to allow his counsel to attend and prepare. Therefore, the Court will grant the Petition insofar as it seeks a prompt, individual bond hearing with sufficient advance notice to Petitioner. In light of this relief, the Court need not address Petitioner's other claims.[4]

---

[4] Although the Court does not reach Petitioner's remaining claims, it notes that much of the caselaw cited by Petitioner, including caselaw addressing Fourth Amendment violations, does not apply here. For example, Petitioner cites several district court cases finding a Fourth Amendment violation for warrantless arrests under § 1226(a). *See, e.g.*, ECF No. 11 at 3 n.1 (citing cases from the District of Colorado and other jurisdictions). But Petitioner suggests he was arrested pursuant to a warrant. Further, many of the district court cases he cites are from jurisdictions that hold that noncitizens already present in the United States may not be detained under § 1225(b)(2)(A) and instead may only be detained under § 1226(a)'s permissive detention scheme. *See, e.g.*, ECF No. 11 at 3 n.1 (citing cases from the District of Colorado and

Although Petitioner cites nationwide statistics to argue that a bond hearing may be inadequate and that immediate release is instead warranted, the Court is not so convinced. Indeed, in the undersigned's past cases ordering a bond hearing, there was no suggestion that the hearing held was inadequate, and bond was in fact granted by the immigration courts. *E.g.*, *Paez-Herrera*, No. 1:26-cv-00078-AGF, ECF No. 27; *Mekonnen,* No. 1:26-cv-00122-AGF, ECF No. 21.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Kunal Malhotra's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **GRANTED in part, as follows:**

1. By no later than **ten (10)** days from the date of this Order, the Government must provide Petitioner Kunal Malhotra an individualized bond hearing before an immigration judge. The Government must provide Petitioner Kunal Malhotra and his counsel with advanced notice of the hearing promptly after it is scheduled sufficient to allow his counsel to attend and prepare.

2. If the Government does not provide Petitioner Kunal Malhotra with a bond hearing in accordance with this Order, the Government must immediately release Kunal Malhotra from detention with his personal effects; and

3. By no later than **5:00 p.m. on November 10, 2026**, the Government must provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order or, if no bond hearing was held, concerning the circumstances of Kunal Malhotra's release from detention.

---

other jurisdictions); *see also Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026) ("Based on the statutory text and context, we conclude that § 1225(b)(2)(A)'s application is limited to the border."). But such cases cannot guide this Court's analysis because this Court is bound by the Eighth Circuit's ruling in *Avila v. Bondi*, 170 F.4th 1128, 1136 (8th Cir. 2026). *Avila* foreclosed any challenge to the Government's statutory authority § 1225(b)(2)(A) to detain Petitioner without a bond hearing.

**IT IS FURTHER ORDERED** that Clerk of Court shall substitute "Gary Stolzer, Warden of Ste. Genevieve County Detention Center" be substituted as the only proper Respondent in this matter.

A separate Judgment shall accompany this Memorandum and Order.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of October, 2026.